Sew all, J.,
delivered the opinion of the Court.
The defendant relies on the decision of this Court in the case of Gilmore vs. Carr. There, separate actions having been commenced by the endorsee of a negotiable note, against the promisor and endorser, a judgment recovered against the endorser, and execution thereon returned satisfied, was considered as a defence in the action against the promisor; and he recovered a judgment for costs against * the plaintiff. That decision [ * 90 ] recognizes a practice essentially variant from the English practice, and from what is said to be the practice in Pennsylvania. (4)
*102 Where separate actions are justifiably commenced against parties severally liable in one contract, the plaintiff, according to the English practice, is entitled to a judgment in each action, unless prevented by a satisfaction of the debt and a payment of all costs; and after the debt has been paid in one action, he may have execution for costs on his other judgments. In our practice, the right of the creditor to commence separate actions is fully recognized. If, however, we adhere to the decision in the case of Gilmore vs. Carr, the plaintiff proceeds at the risk of costs — not only of the loss of his own costs, but of paying costs, when he receives satisfaction in one suit before judgments are recovered in the other suits.
If the decision referred to had been in a case not distinguishable from the case at bar, in any essential circumstances, we should be disposed to consider it as an authority by which this case must be also decided. At least, we should not overrule it without taking further time for consideration. In the case of Gilmore vs. Carr, the plaintiff’s judgment in his suit against the endorser had been satisfied; but in the case before us there has been no satisfaction, that is, no valuable satisfaction, in a payment accepted, either by the plaintiff, or by any person authorized to receive payment, and to discharge the plaintiff’s demands.
The person of a debtor, taken in execution, and imprisoned, is pledge for the debt, but not a satisfaction of it; except that, under some circumstances, it may operate as a satisfaction, so far as the party imprisoned is liable, but not as a discharge of any other party liable with him. (5)
The other facts stated in the exceptions, respecting the negotiation between the jailer and James M. Ingraham, while he was in prison upon the plaintiff’s execution against him and Goold, the promisors in the note now sued against Joseph II. Ingra- [ * 91 ] ham, the endorser, are wholly irrelevant. * The jailer acted without authority, and beside his duty, and, indeed, in violation of it; and the plaintiff in this action is not concluded by any thing done upon the executions sued out against James M Ingraham and Goold.
We entirely concur in the opinion given at the trial. The exceptions are overruled, and judgment is to be entered according to the verdict, (a)
ADDITIONAL NOTE.
(The maker of a note, being sued by the holder, and imprisoned upon execution *103 was afterwards, and during such imprisonment, sued by the indorser, who had paid the note. Held, the action would lie.— Cole vs. Cushings 8 Pick. 48.
See Bank, &c., vs. Tyler, 4 Pet. 366. — Couch vs. Waring, 9 Conn. 261. — Tucker vs. Pruett, 4 Yerg. 553. — Hanna vs. Pegg, 1 Black. 182. — Abercrombie vs. Knox, 3 Alab. 728. —Jay vs. Sandersont 6 Port. 420.— F. H.]

 Chitty on Bills, 254, American edition, in notis.

 5 Co. 86. — 2 Show. 394.—2 Black. Rep. 1235. — Chitty, 254.

 [See Chitty, 4th ed. p. 346, 7, and eases there cited. There seems to be no good reason to support the decision in Gilmore vs. Carr. — Ed.]